FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

97 APR 23 AM 11:56

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN E. O'CONNELL and KATHRYN )
O'CONNELL HAZAREL as Trustee for )
the John E. O'Connell Family Trust, )
    Plaintiff(s); )
)
-vs.- )   No. CV-96-P-2868-W
)
FIRST COLONY LIFE INSURANCE )
COMPANY, INC., )
    Defendant(s). )

ENTERED

APR 2 4 1997

## OPINION

Motions to Dismiss by defendant First Colony Life Insurance Company ("First Colony") were considered at a prior motion docket. For the following reasons, these motions are due to be granted.

### Facts and Allegations

This case arises out of the sale of a life insurance policy in 1984. The policy insured the life of plaintiff John E. O'Connell and was issued by First Colony. O'Connell alleged that he bought the policy based upon a representation that the policy would be written initially at smoker rates but, upon proof that O'Connell continued to refrain from smoking, would be changed after the first year to non-smoker rates. Around the first anniversary, O'Connell submitted proof that he continued to refrain from smoking to First Colony's Alabama agent. O'Connell alleges that the change to non-smoker rates was never made. In his complaint, O'Connell states that he received notice in the spring or summer of 1994 that the policy was still being written at smoker rates, but that an agent, Roger Bozarth, assured him that the mistake was being corrected. O'Connell alleges that he received notice of the fraud in November, 1994, when he received a

letter from Bozarth stating that First Colony was not going to change the rates to non-smoker.

The plaintiffs filed this complaint in the Circuit Court of Greene County, Alabama on September 30, 1996. The plaintiffs assert causes of action for fraud and breach of contract. First Colony removed the case on the basis of diversity on November 1, 1996. The defendants argue in support of their motions to dismiss that both the fraud and the breach of contract claims are barred by the applicable statutes of limitations. The plaintiffs argue that the statue of limitations for fraud should be tolled until November, 1995, when O'Connell received a letter stating that First Colony would not change the rates to non-smoker.

## Analysis

I.  Fraud

Under Alabama law, a fraud claim is subject to a two-year statute of limitations. Ala. Code § 6-2-38(1). However, the statute does not begin to run until the plaintiff discovers facts that would put a reasonable person on notice of fraud. Ala. Code § 6-2-3; *Hicks v. Globe Life & Accident Insurance Co.*, 584 So. 2d 458, 463 (Ala. 1991). The statute of limitations may be tolled when the plaintiff justifiably relies on defendant's misrepresentations and he is thereby prevented from filing suit. *Kelly*, 628 So. 2d 454, 459 (Ala. 1993). The statute will not be tolled when the plaintiff has actual notice that the fraud occurred. *Id.* at 459-60. Actual notice is notice of facts that directly contradict the alleged misrepresentation. *See id.* at 460.

O'Connell alleges that First Colony, directly or through an agent, told him that the policy would be changed to non-smoker rates after the first year. It is arguable that O'Connell had constructive notice of fraud in 1985, when the rates were not changed. At the latest, though, O'Connell had actual notice of fraud in the summer of 1994, when he was told that the rates had

2

not been changed to non-smoker. This statement directly contradicts First Colony's earlier alleged misrepresentation. Because the plaintiffs did not file this lawsuit until November, 1996, the plaintiffs' fraud claims are barred by the two-year statute of limitations.

II.     Breach of Contract

The statute of limitations for breach of contract in Alabama is six years. Ala. Code § 6-2-34. The alleged breach of contract in this case took place in 1985, when the policy was not changed to non-smoker rates. The plaintiffs filed this lawsuit in 1996. Therefore, the plaintiffs' breach of contract claim is barred by the statute of limitations.


Dated: April 2⌀ , 1997

                                                  Chief Judge Sam C. Pointer, Jr.


Service List:
    Mr. Ronald O. Gaiser, Jr.
    Mr. Ollie L. Blan, Jr.